**AFTEL v COUND**

Ohio Appeals, 6th Dist, Lucas Co.

No. 2083, Decided Nov. 13, 1928.

Harry Levison, Toledo, for Aftel.
Hall & Devlin, Toledo, for Cound.

**RICHARDS, J**

We are urged to reverse this judgment on the ground that it is against the weight of the evidence and that the trial court erred in admitting certain documents in evidence. A careful examination of the evidence satisfies this court that the verdict can not justly be held to be manifestly against the weight of the evidence.

The admission of evidence claimed to have been improperly received raises a more serious question. The plaintiff below contended that he had loaned to the defendant the various sums set forth in his petition and evidenced by checks given by him. The defendant contended that he had rendered services for plaintiff as an architect in making various plans and specifications and that the plaintiff was indebted to him for a large sum and that the amounts represented by the checks given by plaintiff were payments to defendant upon the amount due him for services so rendered and the defendant by his cross petition claimed a judgment against plaintiff for a balance of $5,215.00. The precise point in controversy between the parties was whether the various sums represented by the checks were loans or were payments upon indebtedness claimed to be owing to the defendant below, and the testimony of the parties was in direct conflict on this matter. The plaintiff was permitted to strengthen his claim by a carbon copy of a letter known as exhibit 2, which he claimed to have written to Aftel a few weeks before the action was brought. That letter is headed "Re Loans," and contains this language:

"Several times during the last thirty days I have tried to have you meet your obligations to me, the following amounts which you have borrowed as per your endorsements on the back of the checks listed below."

The letter then contains a list of fifteen checks representing the amount which Cound sought to recover, and much other matter along the same line. The letter was never answered by Aftel and, indeed, he claims that he never received any such letter. This letter is full of self-serving matter and presents the claims made by Cound in a very strong light. We think the rule is well settled that a person is not required to enter into correspondence with another in reference to a matter in dispute between them, and that silence should not be regarded as an admission against the party to whom a letter is addressed. In this respect the law is different as to oral declarations made by one party to another which are in answer to or contradictory of some statement made by the other party. **10 R C L 1150.**

Certainly the omission of Aftel to reply to a letter which he denies he ever received is not to be deemed an admission of the truth of the statements contained in the letter. Exception was duly taken to the admission in evidence of the carbon copy of this letter.

It is contended, however, that the error in receiving this letter in evidence was cured by what the court stated to the jury in the charge. During the charge the court said to the jury that so far as the matters and things are concerned in the letter, they are not binding upon anybody, and certainly not upon the defendant. This could not be said to withdraw the letter from the consideration of the jury. On the contrary, it left it still in evidence with the suggestion that the contents of the letter would not be binding upon Aftel, and the jury may well have understood this to mean that the statement in the letter would not be conclusive on the matter in issue. The letter, if competent, furnished to the jury very strong support for the contentions made by Cound, and was erroneously received in evidence and not fully withdrawn from the consideration of the jury.

The court received in evidence, over the objections and exceptions of the defendant, a ledger sheet known as Exhibit 27. This ledger sheet was similar to and in lieu of entries made on check stubs, and we think it was entirely incompetent and was erroneously admitted in evidence. In the case of **Mathias Planing Mill Co. vs Hazen & Co., 20 C C, 287**, it was held that stubs on a party's notebook are not competent to prove the purpose and effect of the notes given. The same principle would apply to check stubs or ledger records thereof. **Watts vs. Shewell, et al., 31 Ohio St., 331; Laning's Estate, 241 Penn. St., 98; Anno. Cases, 1915-B, p. 796; 22 C J, 871.**

In addition to this objection to the admission of the ledger sheet in evidence, it appears that this ledger sheet is not in fact a book of original entries.

For the reasons indicated the judgment will be reversed and the cause remanded for a new trial.

Williams and Lloyd, JJ, concur.